UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLAIM HOLMES, on his own behalf and others similarly situated, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION ) FILE NO: ) |
| vs. | ) FAIR LABOR STANDARDS ACT ) ACTION |
| BACK PORCH OYSTER BAR, INC., PATRICIA CREEF and LEE CREEF, individually and as the owners of the corporate Defendant, | ) ) ) ) ) |
| Defendants. | ) |

## **COMPLAINT**

COMES NOW, Plaintiff who hereby brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., (hereinafter "FLSA") for unpaid overtime compensation, liquidated damages, reasonable expenses of litigation, and attorneys' fees, and retaliation on the grounds set forth below:

JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked under 28 U.S.C. §1331 and §1337. This Court also has jurisdiction pursuant to 29 U.S.C. §216(b).

2.

Pursuant to 28 U.S.C. §1391, venue is appropriate in this judicial district as the Defendants conduct business and maintain a registered agent within the Northern District of Georgia.

## PARTIES

3.

Plaintiff was employed as the cook, responsible for washing the dishes among other duties who was denied overtime compensation during the terms of his employment.

4.

Plaintiff brings this action as a collective action on behalf of himself and all other similarly situated employees who consents to representation, pursuant to 29 U.S.C. §216(b). The Plaintiff consents to serve as the employee representative and is incorporated herein as Exhibit "A".

5.

Defendant Back Porch Oyster Bar, Inc., is a corporation formed under the laws of the State of Georgia which provides food and alcohol in the State of Georgia. Defendants may be served with process through its registered agent, Patricia Creef, 1230 Calhoun Road, Dahlonega, Georgia 30306 in Lumpkin County, Georgia.

6.

Defendant Lee Creef is the owner of Back Porch Oyster Bar, Inc., which is a corporation formed under the laws of the State of Georgia. Defendants may be served with process through its registered agent, Patricia Creef, 1230 Calhoun Road, Dahlonega, Georgia 30306 in Lumpkin County, Georgia.

7.

The corporate Defendant is an employer within the meaning of FLSA § 203(d) and is not an exempt employer under the Act.

8.

Defendant, Patricia Creef is the officer and/or owner for Back Porch Oyster Bar, Inc. who was acting in the interest of Back Porch Oyster Bar, Inc., when she set the terms and conditions of employment for the Plaintiff, including the decision not to pay Plaintiff overtime.

9.

Defendant, Lee Creef is the owner for Back Porch Oyster Bar, Inc. who was acting in the interest of Back Porch Oyster Bar, Inc., when he set the terms and conditions of employment for the Plaintiff, including the decision not to pay Plaintiff overtime.

10.

By not paying overtime, Defendants were able to personally profit more from their ownership of Back Porch Oyster Bar, Inc. and pay themselves a greater profit, salary and/or benefits.

FACTUAL ALLEGATIONS

11.

Upon information and belief, Defendants have in the past and currently employ over 20 employees.

12.

Plaintiff seeks to represent employees engaged in interstate commerce expressly covered by the protections of the FLSA, 29 U.S.C. §207(a).

13.

The main purpose of Plaintiff's job was to cook food, wash dishes and other duties as the owners needed to run their bar.

14.

At all times relevant to this case, the Plaintiff was not responsible for supervising any other employees.

15.

At all times relevant to this case, Plaintiff did not possess the authority to hire or terminate employees.

16.

Plaintiff also lacked the authority to formally participate in the recommendation for hiring and termination decisions.

17.

At all times relevant to this action, Plaintiff possessed no independent discretion regarding the pricing or fees for services and had no authority to negotiate these matters with customers; Plaintiff did not otherwise possess discretion or exercise independent judgment in the daily activities performed.

18.

At all times relevant to this action, Plaintiff was required to work a specific schedule and had to clock in and out of work.

19.

At all times relevant to this action, Plaintiff was docked for both hours and days missed due to illness, accident or other absences.

20.

From approximately September 25, 2013 to February, 2014 Defendant required Plaintiff to work in excess of 40 hours per workweek.

21.

From approximately September 25, 2013 to February, 2014 Defendant did not compensate Plaintiff for time worked in excess of 40 hours per week on a basis of one and one-half times the regular rate of pay at which he was employed.

22.

Defendants fail to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §207.

23.

Defendants are liable to Plaintiff for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular hourly rate.

**Count I**

(**CLAIM FOR RELIEF UNDER FLSA § 207**)

24.

The above facts support Plaintiff's claims for relief under the FLSA.

25.

Defendants' failure to compensate Plaintiff for time worked in excess of 40 hours per week is a violation of § 207 of the Fair Labor Standards Act of 1938, as amended.  Such violation is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for Plaintiff for unpaid overtime compensation for three years prior to the filing of this Complaint, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. §216.

## Count II
## RETALIATION

24.

Plaintiff incorporates the allegations contained in the above paragraphs.

25.

Defendants violated Plaintiff's federally protected rights discriminating and retaliating against him for inquiring why he was not being paid for his overtime.

26.

Plaintiff asked the owner why he was not compensated for his overtime and she responded by saying "never in the history of work as a salaried employee gotten paid for overtime."

27.

Plaintiff was further retaliated and ultimately fired when he asked about not receiving overtime on his pay check.

28.

Defendants' treatment of Plaintiff was motivated in retaliation for Plaintiff speaking out about not being compensated for his overtime.

28.

Defendant Lee Creef willfully started an argument with the Plaintiff which caused a physical altercation between the Plaintiff and Defendant in retaliation for Plaintiff speaking out about not being compensated for his overtime.

29.

Defendants' actions injured Plaintiff and caused damages including but not limited to the loss of income, lost promotions, pain, suffering, and humiliation all flowing from Defendants' illegal actions.

30.

Defendants performed the above discriminatory actions willfully, wantonly, intentionally and in reckless and callous disregard of Plaintiff's federally-protected rights.

WHEREFORE, the Plaintiff requests this Court:

(a) Take jurisdiction of this matter;

(b) Permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216 for Defendants who elect to participate in this action by filing proper written notice with the Court;

(c) Grant a trial by jury as to all matters properly triable to a jury;

(d) Award to Plaintiff and to each member of the opt-in class payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the normal rate, liquidated damages equaling 100% of overtime due each class member, and prejudgment interest on all amounts owed, as required by the FLSA;

(e) Issue a declaratory judgment.

(f) Defendants be ordered to pay Plaintiff back pay in an amount to compensate Plaintiff for lost wages;

(g)     Defendants be ordered to compensate, reimburse and make whole the Plaintiff for all the benefits Plaintiff would have received had it not been for the Defendants' illegal actions, including, but not limited to, pay, benefits, insurance costs, training, promotion and seniority;

(h)     Plaintiff recover front pay if the Defendants as requested above does not reinstate the Plaintiff;

(i)     Plaintiff be awarded compensatory and punitive damages to compensate for humiliation, pain, suffering and stigma associated with their discriminatory treatment;

(j)     Award Plaintiff attorney's fees and costs; and

(k)     Award any other such further relief this Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff herein requests trial by jury of all issues in this action.

This 24th day of July, 2014.

**PANKEY & HORLOCK, LLC**

By:  /s/Larry A. Pankey
     Larry A. Pankey
     Georgia Bar No. 560725
     Attorneys for Plaintiff

4360 Chamblee Dunwoody Road
Suite 500
Atlanta, Georgia  30341-1055
Phone 770-670-6250
Fax     770-670-6249
lpankey@pankeyhorlock.com