IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| WILLIAM HOLMES, on his own behalf and others similarly situated, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION FILE ) NO: 2:14-CV-00261-RWS ) |
| v. | ) ) FAIR LABOR STANDARDS ) ACT COLLECTIVE ACTION |
| BACK PORCH OYSTER BAR, INC., PATRICIA CREEF and LEE CREEF, individually and as the owners of the corporate Defendant, | ) ) ) ) ) |
| Defendants. | ) ) ) |

CONSENT ORDER

By mutual consent of the parties, the Settlement Agreement and Mutual Release attached hereto as Exhibit A is adopted as an order of this Court. The Court will retain jurisdiction for the enforcement of the agreement and for consideration of Plaintiff's Motion for Fees, which Plaintiff shall file within fourteen (14) days of the date of this Order.

SO ORDERED, this 9th day of May 2016.

Judge Richard W. Story
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| WILLIAM HOLMES, on his own behalf and others similarly situated, | )<br>)<br>) CIVIL ACTION FILE |
| Plaintiff, | ) NO: 2:14-CV-00261-RWS<br>) |
| v. | ) FAIR LABOR STANDARDS<br>) ACT COLLECTIVE ACTION |
| BACK PORCH OYSTER BAR, INC., PATRICIA CREEF and LEE CREEF, individually and as the owners of the corporate Defendant, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

EXHIBIT A

SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release is entered into and effective as of the 26th day of APRIL 2016 (the "Effective Date") by the undersigned parties.

RECITALS

WHEREAS, a dispute arose between William Holmes ("Plaintiff" or "Holmes") and Back Porch Oyster Bar, Inc., Patricia Creef and Lee Creef (collectively the "Defendants"), leading to litigation in the United States

District Court for the Northern District of Georgia, Gainesville Division, Civil Action No. 2:14-CV-00261-RWS (the "Dispute");

WHEREAS, Holmes and the Defendants have negotiated their respective claims, have reached an agreement to settle and resolve all known disputes and differences arising out of or related to the Dispute, and now wish to fully, finally, and completely settle and compromise all claims or potential claims between them arising out of or related to the Dispute; and

WHEREAS, Holmes and the Defendants recognize that this agreement reflects the parties' agreement to settle and compromise all claims or potential claims between them arising out of or related to the Dispute, without any agreement or acknowledgement of fault by either party;

NOW, THEREFORE, for and in consideration of the foregoing premises, all of which are expressly incorporated herein, and for and in consideration of the promises and material covenants and agreements contained herein, Holmes and the Defendants agree as follows, intending to be bound:

1. Terms. The Defendants will pay Holmes $2,609.60. The Defendants will also pay Holmes' reasonable attorney's fees as determined

by the Court on motion. In the event that BPOB objects to the amount of attorney's fees requested by Holmes in his motion, the matter will be decided by the Court.

2. Full and Final Settlement. The parties acknowledge that the payments, transfers or other consideration described above are in full and final settlement and compromise of all claims arising out of or related to the Dispute.

3. Release by the Defendants. The Defendants do hereby fully and forever, irrevocably and unconditionally, release, remise, discharge and acquit Holmes from any and all claims, demands, actions, causes of action, lawsuits, and judgments for costs, attorney's fees, damages, losses, or expenses of any kind or nature whatsoever arising out of or related to the Dispute, whether in law or equity, foreseen or unforeseen, direct or consequential, matured or not matured, developed or undeveloped, or discoverable or undiscoverable, that the Defendants have or might claim to have against Holmes arising out of or related to the Dispute.

4. Release by Holmes. Holmes does hereby fully and forever, irrevocably and unconditionally, release, remise, discharge and acquit the Defendants from any and all claims, demands, actions, causes of action,

lawsuits, and judgments for costs, attorney's fees, damages, losses, or expenses of any kind or nature whatsoever arising out of or related to the Dispute, whether in law or equity, foreseen or unforeseen, direct or consequential, matured or not matured, developed or undeveloped, or discoverable or undiscoverable, that Holmes has or might claim to have against the Defendants arising out of or related to the Dispute.

5. No Assignment. Except as otherwise provided herein, each party represents that it has not sold, assigned, granted, conveyed, or transferred to any other person, firm, corporation, or entity of any kind the claims, demands, actions, causes of action, lawsuits, or judgments referred to in this agreement that it now owns or holds, or has owned or held, or may own or hold.

6. No Admission of Liability. The parties agree that the negotiated settlement and compromise reflected in this agreement is a resolution of contested and disputed claims, allegations, and assertions. This agreement is not to be construed as an admission of liability on the part of either party hereto. By entering into this agreement, the parties hereto expressly deny and do not admit or confirm any of the claims, allegations, assertions, or opinions of the other in connection therewith.

7. Enforceable in Law or Equity. Anything herein to the contrary notwithstanding, this agreement may be fully enforced by an action at law or in equity, and nothing herein will preclude or be construed to preclude any action in law or in equity to enforce the provisions of this agreement.

8. Knowing and Voluntary. The parties hereto represent and warrant that they fully understand their rights and obligations under this agreement, and that they have voluntarily entered into this agreement without coercion or the threat of undue influence.

9. Construction. This agreement is to be construed equally in favor of all parties and may not be construed against any party.

10. Attorney Fees. It is agreed that each party to this agreement will have the burden of and responsibility of paying for and satisfying any claims for attorney's fees, disbursements, costs and other expenses they have incurred with respect to their legal representation in all disputes and controversies between the parties other than the amount agreed to in this agreement. The prevailing party in any action for enforcement of this agreement, however, will be entitled to recover the costs of enforcement, including attorney's fees.

11. Authority. Each party warrants that he or she has all authority necessary to enter into and to execute this agreement and to bind himself or herself thereto, and to perform his or her respective obligations hereunder, without the consent of any other person or entity.

12. Entire agreement. This agreement, together with the documents referred to in this agreement, constitutes the entire agreement between the parties with respect to its subject matter and supersedes all prior agreements, representations and understandings of the parties, written or oral.

13. Counterparts. This agreement may be executed in two or more counterparts, and by facsimile, all of which will be considered one and the same agreement and will become effective when one or more counterparts have been signed by each of the parties and delivered to the other party, it being understood that all parties need not sign the same counterpart.

14. Amendment. No amendment to this agreement will be effective unless it is in writing and signed by both parties.

15. Further Assurances. The parties shall upon reasonable request of the other, execute such documents as may be necessary or appropriate to carry out the intent of this agreement.

16. Binding Effect. This agreement will be binding upon and inure to the benefit of the parties hereto and their respective heirs, successors and permitted assigns.

17. Severability. The invalidity or unenforceability of any provisions of this agreement will not affect the validity or enforceability of any other provision of this agreement, which will remain in full force and effect.

18. No Third party Beneficiaries. This agreement does not confer any rights or remedies upon any person other than the parties hereto and their respective heirs, successors and permitted assigns.

19. Governing Law. The agreement is to be governed by and construed in accordance with the laws of the State of Georgia, without regard to its conflict of laws rules.

20. Jurisdiction. The Court will retain jurisdiction over the enforcement of this agreement. Each party waives any objection which it may have now or hereafter to the laying of the venue of such action or proceeding and irrevocably submits to the jurisdiction of the United States District Court for the Northern District of Georgia in any such suit, action or proceeding.

21. No Waiver of Rights. A failure or delay in exercising any right, power or privilege in respect of this agreement will not be presumed to operate as a waiver, and a single or partial exercise of any right, power or privilege will not be presumed to preclude any subsequent or further exercise of that right, power or privilege or the exercise of any other right, power or privilege.

IN WITNESS WHEREOF, the parties execute this agreement on the dates recorded below.

_____  4-26-16
William Holmes                 Date

_____  4-26-16
Back Porch Oyster Bar, Inc.    Date
By: LEE CREEF

_____  4-26-16
Lee Creef                      Date

Patricia Creef By              4-26-16
Patricia Creef                 Date
    LEE CREEF
W/ PERMISSION